UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FRANK JAMES McCAULEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:16-CV-00326-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 15 & 16. Mr. McCauley brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. Jurisdiction

Mr. McCauley filed for Supplemental Security Income on November 22, 2011. AR 135-139. His alleged onset date is October 1, 2009. AR 135. Mr. McCauley's application was initially denied on January 18, 2012, AR 85-88, and on reconsideration on July 13, 2012, AR 92-94.

A hearing with Administrative Law Judge ("ALJ") Marie Palachuk occurred on December 16, 2013. AR 45-64. On January 17, 2014, the ALJ issued a decision finding Mr. McCauley ineligible for disability benefits. AR 29-40. The Appeals Council denied Mr. McCauley's request for review on July 26, 2016, AR 1-6, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. McCauley timely filed the present action challenging the denial of benefits, on September 19, 2016. ECF No. 3. Accordingly, Mr. McCauley's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the

claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Mr. McCauley was 43 years old at the time of his hearing. AR 50. He has a high school diploma. AR 51. He has previous employment experience as a construction worker, overlay plastician, and auto repossessor. AR 40.

The ALJ found that Mr. McCauley suffers from depression, anxiety, personality disorder, and substance abuse. AR 31. Mr. McCauley also experiences sleep apnea. AR 168.

//

## V. The ALJ's Findings

The ALJ determined that Mr. McCauley was not under a disability within the meaning of the Act from November 22, 2011. AR 31.

**At step one**, the ALJ found that Mr. McCauley had not engaged in substantial gainful activity since November 22, 2011 (citing 20 C.F.R. § 416.971 *et seq.*). AR 31.

**At step two**, the ALJ found Mr. McCauley had the following severe impairments: depression, anxiety, personality disorder, and substance abuse (citing 20 C.F.R. § 416.920(c)). AR 31.

At **step three**, the ALJ found that Mr. McCauley did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 31-33.

At **step four**, the ALJ found Mr. McCauley had the residual functional capacity to perform a full range of work at all exertional levels with these non-exertional limitations: (1) no interactions with the general public and (2) only occasional and superficial interaction with coworkers and supervisors in no more than small group settings, dealing with things rather than people, essentially isolated/dependent work. AR 33.

At **step five**, the ALJ found that, in light of Mr. McCauley's age, education, work experience, and residual functional capacity, and based on testimony by a

vocational expert, Mr. Cauley can perform his past relevant work as a construction worker and overlay plastician. AR 39-40.

## VI. Issues for Review

Mr. McCauley argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly discrediting Mr. McCauley's symptom claims and (2) failing to properly consider and weigh the medical opinion evidence. ECF No. 15 at 9.

## VII. Discussion

**A. The ALJ properly discredited Mr. McCauley's symptom claims.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.* When evidence reasonably supports either confirming or

reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999).

Here, The ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Mr. McCauley alleges; however, the ALJ determined that Mr. McCauley's statements regarding the limiting effects of the symptoms not credible. AR 37. The ALJ provided multiple "specific, clear, and convincing reasons" for this determination. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

ALJ Palachuk first noted that the objective evidence did not support mental status findings that establish total disability. AR 37. The ALJ then noted numerous occasions in which Mr. McCauley underwent psychological evaluation, including during his 2012 hospitalization, in which he demonstrated normal orientation, knowledge, judgment, and insight. *Id.*

The record does not fully support this finding, however. For example, while some instances do demonstrate normal insight and judgment, other parts of the record indicate Mr. McCauley was limited in these and other areas. *See, e.g.* AR 276. Nevertheless, this results in nothing more than harmless error because the ALJ provided numerous other, valid reasons for her adverse credibility finding. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (holding that a

negative credibility determination may not be *solely based* on a lack of objective medical evidence (emphasis added)).

An ALJ may engage in "ordinary techniques of credibility evaluation," such as considering one's reputation for truthfulness and inconsistencies in testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). For example, the record shows Mr. McCauley has a tendency to over-report symptoms. AR 307, 311-12. Likewise, Mr. McCauley regularly gave different answers about the last date of his alcohol use, demonstrating inconsistency in his self-reporting. AR 238, 249, 307, 315, 398. Mr. McCauley's pattern of exaggerated and/or inconsistent reporting is relevant to his credibility, and it was not erroneous for the ALJ to consider it. *See Burch*, 400 F.3d at 680.

The ALJ also noted several activities of daily living that are inconsistent with Mr. McCauley's allegations of total disability. Some of these activities include driving, using public transportation, shopping in stores, and donating blood plasma. AR 197, 241. These activities may be considered by the ALJ in a credibility determination. *See Smolen*, 80 F.3d at 1284.

Other reasons provided by the ALJ and supported by the record are that Mr. McCauley was laid off from his job as a roofer in 2008 due to a lack of work, not his impairments, AR 311; his medication showed to be relatively effective at controlling his symptoms, AR 394, 407; and that many of his periods of decreased

function were strongly situational, AR 241, 370, 376, 386. These factors standing alone may not be sufficient, but when these factors are taken as a whole, in combination with Mr. McCauley's history of inconsistency, provide a legal foundation for the ALJ's findings.

The overall record supports the multiple reasons provided by the ALJ for her treatment of Mr. McCauley's symptom testimony. The Court finds no error here.

**B. The ALJ did not err in rejecting Dr. Dalley's opinion.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id.* at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id.* at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Primarily, Mr. McCauley's challenge to the treatment of medical evidence is that the ALJ improperly gave little weight to evaluations performed by Washington State Department of Social and Health Services examining physician Dr. Mahlon B. Dalley, Ph.D, and his resulting opinions.[1] *See* ECF No. 15 at 17-20. As a preliminary matter, the Court notes that Dr. Dalley's opinions are contradicted by the opinion of non-examining state agency consulting psychologist, Dr. Patricia Kraft, Ph.D.; thus, the ALJ was required to provide "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31.

---

[1] Mr. McCauley does state in his opening motion that "[o]pinions of the treating psychiatrist, Navid Vassey, M.D., should have been given controlling weight. . ." ECF No. 15 at 17. Dr. Vassey is mentioned very little at all by the ALJ. See AR 29-39. Mr. McCauley presents no argument as to what the error was with regard to Dr. Vassey in the ALJ's opinion other than a citation to an excerpt from the Social Security Program Operations Manual System. Absent a coherent argument, the Court is unable to rule that the ALJ erred with regard to the limited mention of Dr. Vassey.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

The ALJ provided numerous reasons for her decision to provide Dr. Dalley's opinion little weight. Overall, there are multiple specific and legitimate reasons supported by the record for the ALJ's determination. While the Court finds no error generally, it addresses the most significant here.

For instance, Dr. Dalley's opinion is not supported by objective evidence. He administered the MMPI-2, a standard psychological objective test to determine an individual's level of emotional adjustment to Mr. McCauley on January 8, 2010. AR 312-13. The testing indicated that Mr. McCauley's results were invalid and that he over-reported his symptoms. AR 312. Opinions inadequately supported by clinical evidence may be rejected by the ALJ. *See Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986).

Also, Dr. Dalley's observations are inconsistent with the limitations he opined. He noted that a follow-up psychological examination was necessary in 6-9 months to rule out malingering, yet opined several moderated, marked, and even severe limitations without first ruling malingering out. AR 308-09. Likewise, Dr. Dalley described Mr. McCauley as cooperative in his interview, yet he indicated that Mr. McCauley would have severe limitations in maintaining appropriate behavior. AR 308, 311. A discrepancy between a doctor's recorded observations and opinions is a legally sufficient reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

In sum, when the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001).The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 16,** is **GRANTED.**

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 24th day of October, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge